Affirmed and Memorandum Opinion filed February 19, 2004









Affirmed and Memorandum Opinion filed February 19,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01219-CR

____________

 

LARRY LARNAIL
GRAY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th District
Court

Harris County,
Texas

Trial Court Cause No.
855,928

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not guilty to the offense of
murder.  He was convicted by a jury of
that offense, and on October 24, 2001, the trial court sentenced appellant to
confinement for life in the Institutional Division of the Texas Department of
Criminal Justice.  On direct appeal, this
court affirmed appellant=s conviction.  See
Gray v. State, 14-01-01184-CR (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (not designated for publication). 








On February 17, 2003, appellant filed a motion for forensic testing,
asserting that DNA testing would establish he was not at the crime scene and he
did not commit the murder for which he was convicted.  See Tex.
Code Crim. Proc. Ann. art. 64.01 B 64.05 (Vernon Supp. 2003).  Counsel was appointed, who filed a motion for
postBconviction DNA testing, which was
opposed by the State.  On September 19,
2003, the trial court adopted the State=s findings of fact and denied DNA
testing.  Appellant filed a timely
written notice of appeal. 

Appellant=s appointed counsel filed a brief in which she concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  On January
28, 2004, appellant filed his response to the Anders brief.  

In his response, appellant raises five points of error.  First, he asserts the evidence was factually
insufficient to support his conviction. 
This court held the evidence was factually sufficient on direct
appeal.  Gray, slip op at 3.  Appellant=s remaining points challenge the
denial of DNA testing, asserting the evidence was in the possession of the
State, there was no previous DNA testing through no fault of appellant, DNA
testing would show a reasonable probability that appellant would not have been
prosecuted or convicted, and that the identity of the assailant is at issue in
the case.








Although appellant failed to file a sworn affidavit
containing facts in support of his motion as required by the statute, the
motion filed by appellant=s appointed counsel satisfied the statutory
requirements.  See Tex. Code Crim. Proc. Ann. art.
64.01(b)(1) (Vernon Supp. 2003).  The
State filed a response, denying that identity was an issue in the case and that
a reasonable probability existed that appellant would not have been prosecuted
or convicted if exculpatory DNA evidence had been obtained because appellant
confessed to the crime.  A copy of
appellant=s statement from the underlying case
was attached to the motion.  A trial
court may dispose of an applicant=s request by reviewing the State=s response and the applicant=s affidavit.  Rivera v. State, 89 S.W.3d 55, 58
(Tex. Crim. App. 2002).  

The trial court made a finding that appellant failed to show
that identity was an issue in the primary case or that a reasonable probability
existed that he would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. 
See Tex. Code Crim. Proc.
Ann. art. 64.03(a)(1)(A)(ii)(B), 2(A) (Vernon Supp. 2003).  Appellant signed a written confession
admitting he shot the complainant.  We
agree that any exculpatory inference arising from DNA testing would not Aconclusively outweigh the other
evidence@ of appellant=s guilt.  See Thompson v. State, 95 S.W.3d 469,
472 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d). 
We conclude all of appellant=s issues are without merit.

We have carefully reviewed the record, counsel=s brief, and appellant=s response, and we agree the appeal
is wholly frivolous and without merit. 
We find no reversible error in the record.  Further discussion of the brief and response
would add nothing to the jurisprudence of the state.

Accordingly, the judgment of the trial court is
affirmed.  All pending motions are denied
as moot.  

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed February 19, 2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R. App. P. 47.2(b).