Affirmed and Memorandum Opinion filed October 14, 2003













Affirmed and
Memorandum Opinion filed October 14, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01177-CR

_______________

 

ALLEN LEE
DAVENPORT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________

 

On Appeal from 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 23,836

__________________________________________________

 

M E M O R A N D U M 
O P I N I O N

            Allen Lee Davenport appeals the
order denying his motion for post-conviction DNA testing. We overrule
appellant’s issue and affirm.

Background

            In 1993, appellant was convicted of
sexual assault after pleading guilty and was sentenced to eighteen years’
confinement.  In January 2002, appellant
filed a motion requesting post-conviction DNA testing pursuant to Chapter 64 of
the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 64.01–64.05
(Vernon Supp. 2003).  The State
responded that the only biological evidence in its possession is blood on a
swatch of the victim’s pants.  The trial
court denied appellant’s motion finding identity of the appellant was not an
issue in the case, and no reasonable probability exists that appellant would
not have been prosecuted or convicted if exculpatory results had been obtained
from testing the swatch for appellant’s DNA. 
In one issue, appellant claims the trial court erred in denying his
motion for DNA testing, arguing that identity was an
issue in the case and exculpatory DNA test results would show that appellant
had no contact with the sexual assault victim. 


Discussion

            A convicting court may order DNA
testing only if identity was an issue in the case and the applicant has proved
by a preponderance of the evidence that a reasonable probability exists that
the person would not have been prosecuted or convicted if exculpatory DNA
results had been obtained.  Tex. Code Crim. Proc. Ann. art.
64.03.  When
reviewing a trial court’s decision to order DNA testing, we apply a bifurcated
standard of review affording almost total deference to the trial court’s
determination of historical facts and application of law to facts that turn on
credibility and demeanor.  Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002).  We review other application-of-law-to-fact
issues de novo.  Id.

            The evidence presented on the motion
for DNA testing shows that the victim, G.C., left a bar with appellant and two
ex-boyfriends.  They drove to a beach
where G.C. was beaten and sexually assaulted by one man while at least one of
the other men also beat G.C. and prevented her from running away.  G.C. suffered numerous cuts and lacerations
on her legs.  G.C. identified the man who
sexually assaulted her as “Al,” the man who was not an ex-boyfriend.  She picked appellant’s picture out of a
photograph line up, stating that she thought he was the man who had sexually
assaulted her, but she could not be sure because her attacker had been wearing
a baseball cap.  Appellant admitted to
investigators he was present at the time of the sexual assault and that he had
tried to have sex with G.C., but he could not get an erection.  Further, G.C.’s
ex-boyfriends identified appellant as G.C.’s primary
attacker.  At the hearing on the motion
for DNA testing, appellant again admitted that he had been present at the scene
of the assault, but denied attempting to have sex with the victim at that
time.  He further claimed that the other
two men had assaulted G.C., but he had not.        

            The State claims the trial court
correctly found that identity was not an issue in this case.  Appellant admitted that only he, the victim,
and the victim’s ex-boyfriends were present during the assault.  G.C. identified the man who had sexually
assaulted her as the man who was not an ex-boyfriend, and appellant admitted
that G.C. would have no problem identifying the other men.  Additionally, appellant admitted to
investigators that he attempted to have sex with G.C. during the assault.  Although appellant recanted this admission at
the hearing on his motion for DNA testing, we defer to the trial court’s
determination of credibility and hold that the trial court did not err in
finding that identity was not an issue.  See Bell v. State, 90 S.W.3d 301, 308
(Tex. Crim. App. 2002) (holding identity was not at
issue when the defendant had confessed).

            Additionally, the State argues appellant
did not prove by a preponderance of the evidence a reasonable probability
exists that he would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing. 
To prove this, appellant must show the absence of his DNA on G.C.’s pants would prove his innocence and not “merely
muddy the waters.”  See Kutzner v. State, 75
S.W.3d 427, 439 (Tex. Crim. App. 2002). 
The blood on G.C.’s pants could have come from
a number of sources other than the man who sexually assaulted her.  Four people, including the victim, were
present at the scene of the assault, and G.C. was the only one with
injuries.  Especially in light of the
other evidence of appellant’s guilt, we agree with the trial court that
appellant did not prove exculpatory DNA testing would have precluded his
prosecution or conviction.  See Thompson v. State, 95 S.W.3d 469,
472 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)
(holding that the absence of the defendant’s DNA on a knife used in an attack
by three men would not prove defendant’s innocence, especially considering all
the other evidence against the defendant). 
We overrule appellant’s sole point of error.   




            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 14, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.

Do Not
Publish — Tex. R. App.
P. 47.2(b).