Opinion issued March 11, 2004























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00084-CR
____________
 
TYRONE LEONARD SANDERS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 781173
 

 
 
MEMORANDUM OPINION
          In 1998, a jury found appellant, Tyrone Leonard Sanders, guilty of sexual
assault and assessed his punishment at confinement for 30 years. The Fourteenth
Court of Appeals subsequently affirmed appellant’s conviction.


 In 2002, the
convicting court denied appellant’s motion for post-conviction DNA testing. In his
sole point of error, appellant contends that the convicting court erred in denying his
motion for post-conviction DNA testing. We affirm.
Background
          At trial, the complainant, a 17-year-old girl, testified that, at approximately
1:00 a.m. on June 17, 1997, she “snuck out” of her house and went “[driving] around”
with her brother and several of her friends, including Quillina Goins. At some point
thereafter, they decided to drive to an apartment at “8000 Cook [R]oad” so that Goins
could pick up a “cassette tape” from a friend.
          When they arrived at the apartment, they saw “15 to 20” men having a party. 
While the complainant was at the party, appellant grabbed her arm and “pulled” her
into a bathroom. Appellant closed the bathroom door, threatened and “slapped” the
complainant, and sexually assaulted her for “10 to 15 minutes.” When he finished,
appellant told the complainant to “wash up,” and he then exited the bathroom. The
complainant “washed up” and then left the bathroom and the apartment.
          Quillina Goins testified that she knew appellant and that she saw him and the
complainant go into the bathroom together. Moreover, Goins saw the complainant
exit the bathroom, and, at that time, the complainant appeared to be “upset.” Goins
later asked the complainant “what happened,” and the complainant responded that
appellant had sexually assaulted her.
          Houston Police Officer N. Ruland testified that, based on his investigation of
the complainant’s case, he determined that appellant was a possible suspect. 
Accordingly, Ruland showed the complainant a photographic array containing a
photograph of appellant and photographs of five other men, and the complainant
“immediately” identified appellant as the perpetrator of the sexual assault.
          Appellant did not testify at trial. Nor did he introduce evidence to contradict
the complainant’s or Goins’s testimony. Rather, appellant argued that, because there
were inconsistencies in the complainant’s testimony concerning what happened in the
bathroom, it was likely that the complainant had fabricated the sexual assault.
          After a hearing on appellant’s motion for post-conviction DNA testing, the
convicting court denied the motion, finding that “[appellant] has failed to show that
identity was or is an issue in the case” and that “[appellant] has failed to establish, by
a preponderance of the evidence, that a reasonable probability exists that [he] would
not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.”
Sufficiency of Motion
          In his sole point of error, appellant argues that the convicting court erred in
denying his motion for post-conviction DNA testing because (1) “[his] plea of not
guilty was sufficient” to raise the issue of identity at trial, and he “never conceded or
removed” the issue, and (2) “the record at trial shows that,” had DNA testing yielded
exculpatory results, “[he] would not have been prosecuted or convicted.”
          We review a convicting court’s denial of post-conviction DNA testing under
a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002). We afford almost total deference to the convicting court’s determination of
issues of historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact issues. Id. 
The ultimate question of whether a reasonable probability exists that exculpatory
DNA tests would prove innocence is an application-of-law-to-fact question that does
not turn on credibility and demeanor and is therefore reviewed de novo. Id.
          In order to obtain post-conviction DNA testing under the provision of the Code
of Criminal Procedure in effect at the time appellant filed his motion, an applicant
was required to show that: (1) evidence, which has been subjected to a significant
chain of custody to establish its integrity, exists in a condition making DNA testing
possible; (2) identity was or is an issue in the case; and (3) a reasonable probability
exists that he would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing. Act of April 5, 2001, 77th Leg., R.S., ch. 2, §
2, 2001 Tex. Gen. Laws 2, 3, amended by Act of May 9, 2003, 78th Leg., R.S., ch. 13,
§ 3, 2003 Tex. Gen. Laws 16, 16 (current version at Tex. Code Crim. Proc. Ann.
art. 64.03(a) (Vernon Supp. 2004)); Thompson v. State, 95 S.W.3d 469, 471 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d).
          In his motion for post-conviction DNA testing, appellant asserted that “identity
was or is an issue in the case” and he attached an affidavit in support of the motion,
which provided as follows:
My name is Tyrone Leonard Sanders. I am the defendant in the above
cause. I was convicted of . . . sexual assault in the above numbered
cause. Only one person was believed to have committed the alleged
offense. Physical evidence was recovered from the complainant [at] the
scene of the crime[,] which would have contained the DNA of the actor
of the alleged offense. A scientific comparison of these biological
materials would establish that I did not commit the alleged offense.

However, although appellant asserts that DNA testing would now raise the issue of
identity, nothing in appellant’s affidavit supports his assertion that “identity was or
is an issue in the case.” See Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002)
(“Chapter 64 requires that identity ‘was or is’ an issue, not that future DNA testing
could raise the issue.”).
          Moreover, the complainant testified at trial that appellant grabbed her by the
arm, “pulled” her into the bathroom, and then sexually assaulted her for several
minutes. Furthermore, Goins testified at trial that she knew appellant, she saw
appellant go into the bathroom with the complainant, and, when the complainant
exited the bathroom, she appeared to be “upset.”
          Appellant did not introduce evidence at trial to contradict the complainant’s or
Goins’s testimony. Rather, he argued that, because there were inconsistencies in the
complainant’s testimony concerning what happened in the bathroom, it was likely that
the complainant had fabricated the sexual assault. Thus, the record supports a finding
by the convicting court that appellant failed to show that identity was an issue in this
case.
          Accordingly, we hold that the trial court did not err in denying appellant’s
motion for post-conviction DNA testing. Having so held, we need not address
appellant’s other argument that “the trial record shows that,” had DNA testing yielded
exculpatory results, “[he] would not have been prosecuted or convicted.”
          We overrule appellant’s sole point of error.
 

Conclusion
          We affirm the order of the convicting court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).