Opinion issued March 11, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00073-CR




GREGORY CARL WARE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 808306 




MEMORANDUM OPINION

          Appellant, Gregory Carl Ware, challenges the convicting court’s denial of his
motion for DNA testing. In his sole point of error, appellant contends that he
established by a preponderance of the evidence that he would not have been
prosecuted or convicted if exculpatory results had been obtained through DNA testing
of the State’s trial evidence. 
          We affirm.
Background
          Complainant, Lisa Johnson, was robbed at gunpoint while working at a Burger
King restaurant. Following the robbery, another employee, Earl Johnson, left the
restaurant to search for the assailant. Earl spotted appellant and recognized him as
the person who committed the robbery. Earl followed appellant to a nearby residence
and contacted the police. A short time later, the police brought Lisa to the residence
where she identified appellant as the man who had robbed her. Pauline Rogers,
another Burger King employee, also identified appellant as the assailant after the
police took appellant into custody. Lisa, Earl, and Pauline also identified appellant
at trial as the assailant.
          In addition, evidence was adduced at trial that, while searching the residence,
the police found a striped shirt stuffed in a hole in the wall in appellant’s bedroom. 
Pauline testified that the shirt found by police was the same shirt worn by the
assailant during the robbery.
          A jury found appellant guilty of aggravated robbery and assessed punishment
at 10 years’ confinement.


 Three years later, appellant filed a motion for
post-conviction DNA testing in which he requested that the shirt found by the police
be tested for the presence of appellant’s DNA. After the State filed its written
response to the motion, the trial court considered the respective motions and denied
appellant’s request for DNA testing.
Discussion 
          In his sole point of error, appellant contends that the trial court erred in denying
his motion for post-conviction DNA testing because he established by a
preponderance of evidence that a reasonable probability exists that exculpatory DNA
test results would prove his innocence. See Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A) (Vernon Supp. 2004). 
          In reviewing the trial court’s decision, we afford almost total deference to the
trial court’s determination of historical-fact issues and application-of-law-to-fact
issues that turn on credibility and demeanor, while we review de novo other
application-of-law-to-fact issues. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). However, the ultimate question of whether a reasonable probability
exists that exculpatory DNA tests would have proven innocence is an
application-of-law-to-fact question that does not turn on credibility and demeanor and
is, therefore, reviewed de novo. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App.
2002). To obtain post-conviction DNA testing, an applicant must establish by a
preponderance of the evidence that “a reasonable probability exists that [he] would
not have been prosecuted or convicted if exculpatory results had been obtained
through DNA testing.” See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). The
Court of Criminal Appeals has interpreted this language to mean that an applicant
must show that “a reasonable probability exists that exculpatory DNA tests will prove
[his] innocence.”


 Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002);
accord Rivera, 89 S.W.3d at 59; Torres v. State, 104 S.W.3d 638, 640 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). 
          A “reasonable probability” of innocence does not exist if there is sufficient
evidence, other than the evidence in question, to establish guilt. Torres, 104 S.W.3d
at 640-41 (concluding no reasonable probability that absence of complainant’s blood
on firearm found in appellant’s possession would have established appellant’s
innocence because there was other substantial competent evidence that jury could
have used to convict the appellant). In other words, DNA testing must conclusively
outweigh all other evidence of the convicted’s guilt. Rivera, 89 S.W.3d at 60
(concluding no reasonable probability of innocence in case in which absence of
victim’s DNA under appellant’s fingernails was outweighed by appellant’s
confession; “[w]hile the presence of . . . DNA . . . could indicate guilt, the absence
. . . would not indicate innocence.”); Thompson, 95 S.W.3d 469, 472 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (holding no reasonable probability of
innocence in case in which weapon failed to contain complainant’s blood because
such evidence was outweighed by other competent evidence). As stated in the
oft-quoted language of the Court of Criminal Appeals, the statutory requirement that
testing results be exculpatory is not met if the DNA evidence would “merely muddy
the waters.” Rivera, 89 S.W.3d at 59 (citing Kutzner, 75 S.W.3d at 439). 
          Appellant claims that he has met the “reasonable probability” standard because
the absence of his DNA on the shirt, which he alleges would be established by DNA
testing, would show that he had not been wearing the shirt at the time of the robbery,
and would suffice to prove that he was not the person who committed the offense. 
Despite this contention, evidence, other than the identification evidence derived from
appellant’s shirt, exists in the trial record from which a jury could have found
appellant guilty of aggravated robbery. As previously detailed, three eyewitnesses
to the robbery, including the complainant, identified appellant as the assailant. Even
if negative DNA test results were to supply an exculpatory inference, such an
inference in this case would not conclusively outweigh the other evidence of
appellant’s guilt. See Rivera, 89 S.W.3d at 60; Thompson, 95 S.W.3d at 472. 
          In his brief, appellant also contends,
Appellant’s case involved the questionable identification of three
witnesses and the only evidence supporting Appellant’s identification
was a shirt found at the scene that was used by the prosecution to link
Appellant to the robbery. The absence of Appellant’s DNA on this shirt
would be compelling evidence that the eyewitness testimony was
incorrect and that Appellant did not commit the robbery.



          In essence, appellant argues that exculpatory DNA test results would call into
question the credibility of the identification witnesses. However, credibility attacks
are not a valid reason for DNA testing under chapter 64. See Tex. Code Crim. Proc.
Ann. arts. 64.01–.05 (Vernon Supp. 2004) (containing statutory provisions governing
post-conviction requests for DNA testing); see also Manning v. State, No. 01-02-00806-CR, slip op. at 7, 2003 WL 22511374, at * 3 (Tex. App.—Houston [1st Dist.]
Nov. 6, 2003, no pet.) (stating, “Credibility verifications . . . are not a permissible
reason for DNA testing under chapter 64 of the Code of Criminal Procedure.”) (mem.
op.) (not designated for publication). Rather, the applicant seeking DNA testing must
show that a reasonable probability exists that the exculpatory DNA evidence will
prove his innocence. See Kutzner, 75 S.W.3d at 438. At most, exculpatory DNA
tests on the shirt in this case would “merely muddy the waters.” See id. at 439. 
          We hold that appellant failed to meet his burden to show by a preponderance
of the evidence that a reasonable probability exists that exculpatory DNA testing of
the shirt would prove his innocence. Accordingly, appellant is not entitled to a DNA
test under Chapter 64.
          We overrule appellant’s sole issue.
 

Conclusion
          We affirm the convicting court’s order denying appellant’s motion for post-conviction DNA testing.
 
 
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).