Opinion issued July 29, 2004





 




     

In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00549-CR




ERIC JEROME DORSEY, Appellant
  
V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 683055




MEMORANDUM OPINION
Appellant, Eric Jerome Dorsey, challenges the convicting court’s


 order
denying his motion for post-conviction DNA testing. We determine (1) whether the
convicting court erred by denying appellant’s motion alleging that identity was an
issue in the case and (2) whether appellant preserved his complaint that the convicting
court erred by considering an undated, unsworn report attached to the State’s motion
to deny DNA testing. We affirm.Background
          On December 27, 1993, appellant entered the apartment of his girlfriend, the
complainant. Appellant found her engaged in sexual relations with another man. 
Appellant became angry, pulled out a pistol that he was carrying, and then sexually
assaulted the complainant. On April 20, 1994, appellant pleaded guilty to aggravated
sexual assault of the complainant, and the convicting court deferred adjudication,
fined appellant $800 plus costs, and placed him on community supervision for eight
years.
          On May 11, 1999, appellant entered a no-contest plea and was sentenced to two
years’ confinement in prison for the felony offense of assault on a public servant. On
the basis of that conviction, the State filed a motion to adjudicate appellant’s guilt for
his original aggravated-sexual-assault offense. On August 20, 1999, appellant
pleaded true to the State’s motion to adjudicate guilt, and the convicting court found
appellant guilty and assessed his punishment at 10 years’ confinement in the original
aggravated-sexual-assault case. Appellant appealed his aggravated sexual assault
conviction to the Fourteenth Court of Appeals, and that court dismissed the appeal
for want of jurisdiction.


 On August 20, 2002, appellant filed a motion for post-conviction forensic DNA testing, and the convicting court appointed counsel to
represent appellant. The convicting court denied appellant’s motion for DNA testing
and adopted the State’s proposed findings of fact and conclusions of law.
Denial of Request for DNA Testing
          In his first and second points of error, appellant contends that the convicting
court erred in denying his motion for post-conviction DNA testing because the
convicting court’s findings—that identity was not an issue in the case and that
appellant did not establish that he would not have been prosecuted if exculpatory
results had been obtained—are not supported by the record. Appellant asserts that
the convicting court’s findings were premised on appellant’s plea of guilty and failure
to deny the offense, in contravention of the specific terms of article 64.03(b) of the
Code of Criminal Procedure. Appellant also argues that had exculpatory
evidence—specifically, the police officer’s knowledge that the complainant had
denied the assault—been made available to defense counsel, appellant would not
have been prosecuted.
          In reviewing the convicting court’s decision, we employ a bifurcated standard
of review by affording almost total deference to the convicting court’s determination
of issues of historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact issues. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).
          In order to obtain post-conviction DNA testing, three requirements must be
met: (1) evidence, which has been subjected to a sufficient chain of custody to
establish its integrity, exists in a condition making DNA testing possible; (2) identity
was or is an issue in the case; and (3) “a reasonable probability exists that the
defendant would not have been prosecuted or convicted if exculpatory results had
been obtained through DNA testing.”


 Act of April 5, 2001, 77th Leg., R.S., ch. 2,
§ 2, 2001 Tex. Gen. Laws 2, 3 (emphasis added), amended by Act of May 9, 2003,
78th Leg., R.S., ch. 13, § 3, 2003 Tex. Gen. Laws 16, 16 (current version at Tex.
Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004)); Thompson v. State, 95
S.W.3d 469, 471 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The court
reviews whether “identity was or is an issue” in the case and not whether future DNA
testing could raise the issue. Bell v. State, 90 S.W.3d 301, 308 (Tex. Crim. App.
2002).
          In appellant’s affidavit attached to his motion requesting post-conviction DNA
testing, he alleged that he had entered the complainant’s apartment and found her
engaged in sexual relations with another man. He asserted that he became angry and
brandished a pistol, but that he did not sexually assault the complainant. He also
asserted that the other man went downstairs while he and the complainant had a
lengthy conversation upstairs. After the incident in the apartment, appellant stated
that he and the complainant went to the home of Hazel Jones, his grandmother, to talk
with her and his mother, Catherine Dorsey. Appellant asserted that the complainant
never mentioned anything about sexual assault to his family members. Appellant
acknowledged that he and the complainant had been boyfriend and girlfriend for
several years prior to this incident, and that, at some point in time, they had plans to
marry.
 
          Catherine Dorsey, in her affidavit, stated that police officers arrived while she
was talking with appellant and the complainant at Jones’s home. According to
Dorsey, the officers questioned the complainant and arrested appellant. Dorsey
asserted that she overheard the conversation between the complainant and an officer. 
Dorsey further stated that the complainant told the police that she was not sexually
assaulted by appellant, but that she had engaged in sexual relations with him. Jones
makes the same allegation in her affidavit regarding the conversation that took place
between the complainant and the police officer. Bob Tarrant, appellant’s trial
attorney in the aggravated-sexual-assault case, stated in his affidavit that he did not
know that witnesses allegedly heard the complainant tell police officers that she was
not sexually assaulted. He asserted that such information was not included in the
State’s file. He also stated that he would not have counseled appellant to plead guilty
if he had known about the witnesses’ statements.
          The facts upon which appellant relies do not demonstrate that identity was or
is an issue in this case. Even though appellant, in his affidavit, denied having
sexually assaulted the complainant, he did not deny having had sexual intercourse
with the complainant. In their affidavits, appellant’s mother and grandmother stated
that they overheard the complainant tell the police officers that appellant had not
sexually assaulted her, but that appellant and the complainant had engaged in
consensual sexual intercourse. Under these circumstances, there was no question
raised about the identity of the one having sexual intercourse with the complainant. 
The only question raised was whether the intercourse was consensual or not. 
          Appellant contends that the convicting court erred in using appellant’s
testimony from the August 20, 1999 hearing, when he apologized for his actions
toward the complainant, as the sole basis for finding that identity was not an issue. 
Article 64.03(b) of the Code of Criminal Procedure prohibits the court from finding
that identity was not an issue in the case solely on the basis of the defendant’s plea
of guilty. Tex. Code Crim. Proc. Ann. art. 64.03(b) (Vernon Supp. 2004). 
Appellant argues that his statements were not a direct admission of his actions, but
simply an admission that he had pleaded guilty. The admissions in question included
answers to questions posed by defense counsel during a hearing on the State’s motion
to adjudicate guilt. The hearing was held five years after appellant had entered a plea
of guilty to the aggravated-sexual-assault charge. The admissions included:
          Q:                Okay. Now, was that any justification for you to do
the things to her that you did?
 
          A:                No, sir.
 
          Q:                Was that any justification for you to kick her, slam
her around, and have a gun?
 
          A:                No, no, sir.
 
          Q:                Was that any justification for you to violate her
sexually?
 
          A:                No, sir.
 
          Q:                 How do you feel about what happened back then in
1993?
 
          A:                I’m sorry I did all those things to her.
 
Appellant’s statements at the August 20 hearing were not mere admissions that he had
entered a plea of guilty, but went beyond that to constitute a direct admission of the
sexual assault. To the extent that the convicting court may have relied upon these
admissions, it was not relying solely upon appellant’s original plea of guilty.
Nevertheless, it was unnecessary for the convicting court to consider appellant’s
admissions of guilt because appellant failed to raise an issue regarding identity.
          Under article 64.03, it was appellant’s burden to show that evidence still
existed that could be tested for DNA, that identity was or is an issue in the case, and
that he would not have been convicted if exculpatory results had been obtained
through DNA testing. See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1), (a)(2)(A). 
Because appellant has not shown that identity was an issue under article
64.03(a)(1)(B), we need not consider appellant’s contention, under article
64.03(a)(2)(A), that the convicting court erred in finding that he failed to establish
that he would not have been prosecuted if exculpatory results had been obtained
through DNA testing. See Johnston v. State, 99 S.W.3d 698, 703 (Tex.
App.—Texarkana 2003, pet. ref’d). Thus, we need not address appellant’s argument
on appeal that his counsel was not told that the complainant at one point denied the
assault to the police. Appellant asserts that this constitutes newly discovered
exculpatory evidence and that, had it been revealed timely, appellant would not have
entered a plea of guilty. Nevertheless, because appellant has not established that
identity was or is an issue in the case, it is unnecessary to address this contention.
          We overrule appellant’s first and second points of error.
Consideration of Report
          In his third point of error, appellant contends that the convicting court erred by
considering evidence from an undated, unsworn report, attached to the State’s motion
to deny testing, in supporting its finding that appellant failed to establish that a
reasonable probability existed that appellant would not have been prosecuted had
exculpatory results been obtained through DNA testing. Appellant argues that the
convicting court had no authority to take judicial notice of the report of Gordon Bush,
a psychologist, presented by the State as evidence in the motion to deny DNA testing. 
Appellant argues that the convicting court was without authority to consider this
evidence in making its findings of fact and conclusions of law.
          The record does not reflect that appellant objected to Bush’s report. In the
absence of any objection to the report, appellant has waived this issue on appeal. See
Tex. R. App. P. 33.1. Moreover, the convicting court properly found that appellant
did not show that identity was or is an issue in the case. Thus, the court’s denial of
DNA testing would be upheld even if the court had erred in finding that appellant
failed to establish that a reasonable probability existed that appellant would not have
been prosecuted had exculpatory results been obtained.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the order of the convicting court denying appellant’s request for
post-conviction DNA testing.
          


                                                                        Tim Taft
                                                                       Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).