Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




CHRISTOPHER JOHN BIGHAM,

                              Appellant,

v.


THE STATE OF TEXAS,

                               Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00057-CR

Appeal from the

143rd District Court

of Reeves County, Texas

(TC# 98-09-06225-CRR)





MEMORANDUM OPINION

           Christopher John Bigham appeals the trial court’s order denying his motion for
post-conviction forensic DNA testing. We affirm.
I. FACTUAL SUMMARY
           A Reeves County jury convicted Appellant of murdering his girlfriend, Lora Ann
Brooks, and assessed his punishment at a fine of $10,000 and imprisonment for a term of 75
years. This Court affirmed Appellant’s conviction. See Bigham v. State, No. 08-99-00211-CR, 2000 WL 1818524 (Tex. App.--El Paso December 13, 2000, pet. ref’d) (not designated
for publication). As detailed in our opinion, the evidence admitted at trial showed that
Appellant gave three different stories to officers investigating Brooks’ disappearance. First,
Appellant told police that Brooks had traveled by bus to Dallas; then he explained that she
committed suicide. Finally, in a tape-record statement, Appellant told law enforcement
officers that he shot and killed Brooks in self-defense after she put a rifle against his back. 
Over the next two days, Appellant burned her body in a 55 gallon drum that he had modified
with a stove pipe and propane tank to act as an incinerator. After the drum cooled, Appellant
removed the remaining bones which he pulverized with a sledgehammer. Appellant put the
remains in a glue bucket and sealed it. Appellant had intended to take the remains to
Washington state, but he panicked when family members began looking for Brooks so he
threw the bucket into a dumpster behind a store, and threw the drum into the Pecos River. 
A dive team from the Texas Department of Public Safety searched the area of the Pecos
River described by Appellant and recovered the drum and stove pipe. Analysis of the drum
and its contents revealed that it contained human skeletal remains, specifically a metatarsal
bone fragment. DNA analysis of the bone fragments was not possible due to their burned
condition. At trial, Appellant testified that Brooks committed suicide and he burned her body
in the drum which he later dumped in the Pecos River. The jury rejected Appellant’s defense
and found him guilty of murdering Brooks.
           On January 6, 2003, Appellant filed his motion for forensic DNA testing of the bone
fragments recovered from the drum. He asserted in his motion that identity of the bone
fragments is at issue and that if DNA testing establishes that the bones were not those of the
decedent, a reasonable probability exists that he would not have been prosecuted. The trial
court found that Appellant failed to show that identity was or is an issue in the case. The
Court further found that Appellant failed to show that a reasonable probability exists that
Appellant would not have been prosecuted if exculpatory results had been obtained through
DNA testing. Consequently, the court denied Appellant’s request for DNA testing.
II. DISCUSSION
           In his sole issue on appeal, Appellant argues that the trial court erred by denying DNA
testing of the bone fragments. To obtain DNA testing of evidence containing biological
material under Chapter 64 of the Code of Criminal Procedure, the convicted person must file
a motion and supporting affidavit showing that the evidence sought to be tested was in the
possession of the State during the trial of the offense, but was not previously subjected to
DNA testing, or although previously subjected to DNA testing, the evidence can be subjected
to testing with newer techniques that provide a reasonable likelihood of results that are more
accurate and probative than the results of the previous test. See Tex. Code Crim. Proc.
Ann. art. 64.01(a), (b) (Vernon Supp. 2004-05). Further, the convicted person must establish
several facts in the trial court. See Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp.
2004-05). Two of those required findings are at issue in this appeal: (1) that identity was
or is an issue in the case and (2) the convicted person establishes by a preponderance of the
evidence that a reasonable probability exists that the person would not have been prosecuted
or convicted if exculpatory results had been obtained through DNA testing. See Tex. Code
Crim. Proc. Ann. art. 64.03(a)(1)(B), art. 64.03(a)(2)(A) (Vernon Supp. 2004-05). A
defendant has the burden to show that identity was or is an issue without regard to the
possible results of any future forensic DNA tests. Bell v. State, 90 S.W.3d 301, 308 (Tex.
Crim. App. 2002). Under the second requirement listed above, the convicted person must
show a reasonable probability exists that exculpatory DNA tests would prove their
innocence. Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Kutzner v. State, 75
S.W.3d 427, 439 (Tex. Crim. App. 2002). In other words, DNA testing must conclusively
outweigh all other evidence of guilt. Rivera, 89 S.W.3d at 59; Thompson v. State, 95 S.W.3d
469, 472 (Tex. App.--Houston [1st Dist.] 2002, pet. ref’d). This showing has not been made
if exculpatory test results would “merely muddy the waters.” Rivera, 89 S.W.3d at 59
(quoting Kutzner, 75 S.W.3d at 439).
A. Standard of Review
           In reviewing a trial court’s decision on a request for DNA testing, we employ a
bifurcated standard of review. Rivera, 89 S.W.3d at 59. We defer to the trial court’s
determination of issues of historical fact and application-of-law-to-fact issues that turn on
credibility and demeanor, while we review de novo other application-of-law-to-fact issues. 
Id.
B. Identity
           In support of his argument that identity of the bone fragments was and is an issue,
Appellant asserts that the evidence at trial showed that: (1) he testified that he disposed of
the decedent’s ashes in Washington state, not Texas; (2) “[t]here were no visible bones when
the body was burned”; and (3) he testified only that it was “probable” that the bone fragments
found in the drum were the decedent. Appellant admitted that Brooks died as the result of
a gunshot wound. Thus, the only issue at trial was whether Appellant killed Brooks or she
committed suicide as he claimed. Appellant also testified that he burned Brooks’ body,
removed the remains from the drum, and dumped the drum in the Pecos River where it was
later found by law enforcement officers. Regardless of whether Appellant disposed of the
ashes in Texas or Washington, he never asserted that the burned bone fragments found in the
drum were not those of Brooks. Instead, Appellant testified as follows:
[The prosecutor]: When you burned the body, there was no visible bones, is
that true?
 
[Appellant]: Not that I remember.
 
[The prosecutor]: But you’re not surprised about this toe bone being found in
the bottom of the barrel, are you?
 
[Appellant]: Not really.
 
[The prosecutor]: In fact, you expect that that is Lora Brooks’s, isn’t that
right?
 
[Appellant]: Very probable.

           Appellant failed to show that identity was or is an issue without regard to the possible
results of any future forensic DNA tests. For this reason alone, he is not entitled to DNA
testing of the bone fragments found in the drum. It is unnecessary to review the trial court’s
determination that Appellant failed to establish the existence of a reasonable probability that
exculpatory DNA tests would prove his innocence. Accordingly, we overrule his sole issue
on appeal and affirm the order of the trial court denying DNA testing.

                                                                              RICHARD BARAJAS, Chief Justice
August 26, 2004

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.

(Do Not Publish)