Opinion issued on December 16, 2004
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01312-CR




PAUL WAYNE LEONE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 723873




MEMORANDUM OPINION
          Appellant, Paul Wayne Leone, challenges the trial court’s order denying his
motion for post-conviction DNA testing. In his sole issue, appellant contends that the
trial court erred in denying his motion for forensic DNA testing under Texas Code of
Criminal Procedure article 64.03.


 We affirm. 
Background
          Appellant was convicted of capital murder and was sentenced to life 
confinement. In 1999, this Court affirmed appellant’s conviction. See Leone v. State,
No. 01-96-01439-CR, 1999 WL 97778 (Tex. App.—Houston [1st Dist.] Oct. 28,
1999, no pet.) (not designated for publication). On January 11, 2002, appellant filed
a pro se motion requesting DNA testing. In March 2002, the trial court appointed
counsel to represent appellant on his motion for DNA testing. On April 16, 2002,
appellant’s counsel filed another motion requesting DNA testing. Both motions
claimed that identity was an issue in his case and sought DNA testing on the
following evidence they claimed contained biological material not previously tested:
tissue paper, a beer can, a Styrofoam holder, a blue canister lid, and an envelope
containing “bloody prints.” 
          In its response, the State contended appellant failed to satisfy the requirements
of article 64.03(a)(2)(A). See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A)
(Vernon Supp. 2004-2005). The State argued that appellant failed to demonstrate by
a preponderance of the evidence that a reasonable probability existed that he would
not have been prosecuted or convicted if exculpatory DNA test results had been
available at his trial. The State attached affidavits showing that the Houston Police
Department property room still possessed some evidence—tissue paper, a beer can
with a foam can holder, a metal canister lid, and three envelopes.


 
          At the hearing on appellant’s motion, the trial court expressed concern about
whether appellant’s identity was an issue in his murder conviction. Appellant’s
counsel admitted that appellant had confessed to another inmate in jail that he
committed the murder. After the hearing, the trial court denied DNA testing;
amended and adopted the State’s proposed findings of fact and conclusions of law;
and made a finding that, under article 64.03(a)(2)(A), appellant had failed to show
that he would not have been prosecuted or convicted if exculpatory test results had
been obtained through DNA testing. 
Standard of Review
          We review a trial court’s decision to deny a motion for post-conviction DNA
testing under a bifurcated standard of review. Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002). Accordingly, we afford almost total deference to the trial court’s
determination of issues of historical fact and its application of the law to fact issues
that turn on an evaluation of credibility and demeanor. See id. We review de novo
other application-of-law-to-fact issues, including the ultimate question of whether the
trial court was required to grant a motion for DNA testing under article 64 of Code
of Criminal Procedure. See id. 
Discussion
          Before a trial court can order post-conviction DNA testing, the convicted
person must meet the requirements of article 64.03(a). Tex. Code Crim. Proc. Ann.
art. 64.03(a). The convicting court must find that the evidence “still exists and is in
a condition making DNA testing possible;” that it “has been subjected to a chain of
custody sufficient to establish that it has not been substituted, tampered with,
replaced, or altered in any material respect;” and that “identity was or is an issue in
the case.” Id. art. 64.03(a)(1)(A)-(B). The convicted person must also establish by
a preponderance of the evidence that a reasonable probability exists that he would not
have been convicted if exculpatory results had been obtained through DNA testing
and that the request for DNA testing is not made for delay. Id. art. 64.03(a)(2)(A)-(B). 
          A convicted person must show “a reasonable probability exists that exculpatory
DNA tests will prove [his] innocence.” Kutzner v. State, 75 S.W.3d 427, 439 (Tex.
Crim. App. 2002). “A ‘reasonable probability’ is a probability sufficient to
undermine confidence in the outcome.” Torres v. State, 104 S.W.3d 638, 640 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The exculpatory DNA results must
conclusively outweigh the evidence that could have proved or did prove the convicted
person’s guilt and must not just “muddy the waters.” See Kutzner, 75 S.W.3d at 439
& n.23 (explaining that no reasonable probability exists that exculpatory DNA test
results would prove appellant’s innocence, but at most would “muddy the waters”); 
Rivera v. State, 89 S.W.3d 55, 60 (Tex. Crim. App. 2002) (finding that even if DNA
test results supplied a weak exculpatory inference, it was not enough to outweigh the
other evidence of appellant’s guilt).
          In Rivera, an appellant filed a motion to test the fingernail clippings from the
complainant. Rivera, 89 S.W.3d at 58. The court found that, while the presence of
DNA under the fingernails might indicate Rivera’s guilt, the absence of DNA would
not establish Rivera’s innocence. Id. at 60. It held that Rivera had not shown that a
reasonable probability existed that exculpatory results would prove his innocence
because the results would not outweigh the fact that Rivera had confessed. Id. 
          In Thompson v. State, 95 S.W.3d 469 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d), an appellant filed a motion to test a box-cutter knife for DNA. Thompson,
95 S.W.3d at 472. Thompson argued that the DNA on the box-cutter knife would
establish the identity of the person who actually committed the offense. Id. The court
explained the box-cutter knife was not the only evidence available to the State. Id. 
Instead, the evidence showed that Thompson fit the description of the assailant; he
was arrested close to the time of the offense and near the site of the crime; the
complainant identified him; and the box-cutter knife was found near him. Id. The
court held that, if the DNA results were negative for Thompson’s DNA, any
exculpatory inference would not conclusively outweigh the other evidence of
appellant’s guilt and would “merely muddy the waters.” Id. 
          In Torres, an appellant filed a motion to test a firearm for DNA. Torres, 104
S.W.3d at 640. Torres argued that the absence of the complainant’s blood on the
firearm would establish his innocence. Id. The court found that there was substantial
evidence, other than the firearm, that established Torres’ guilt. Id. at 641. Torres was
identified by a police officer as the person caught in the act of loading the
complainant’s stolen property into a car; Torres was holding the firearm in his
waistband; and the complainant identified him. Id. The court held that, in light of the
other evidence against him, Torres did not establish by a preponderance of the
evidence that exculpatory DNA test result would prove his innocence. Id.
          Here, appellant offered no evidence tending to show a reasonable probability
that exculpatory DNA testing would prove his innocence. He only asserted that
identity was an issue at trial; therefore, “DNA testing of the biological evidence
would have revealed the identity of the true culprit or killer in this case, thereby
establishing appellant’s innocence of the underlying offense and the reasonable
probability that appellant would not have been prosecuted or convicted of the
underlying offense.” 
          The evidence has already been found sufficient, absent any DNA evidence, to
establish appellant’s guilt. Leone v. State, No. 01-96-01439-CR, 1999 WL 977778
(Tex. App.—Houston [1st Dist.] October 28, 1999, no pet.) (not designated for
publication).


 Appellant confessed to another inmate that he committed the murder. 
Appellant lived with the victims; he was seen mowing the lawn around the time of the
murders; and he was also seen driving one of the victim’s truck after the murders. 
          Finding appellant’s DNA on the evidence would indicate his guilt. However,
not finding his DNA would not establish his innocence. His DNA might be missing
for any number of reasons. Finding a third party’s DNA would not establish that
appellant did not commit capital murder. The evidence against him would not be
outweighed by negative results. Appellant has not proved by a preponderance of the
evidence that a reasonable probability exists that he would not have been convicted
if exculpatory results had been obtained through DNA testing. See Tex. Code Crim.
Proc. Ann. art. 64.03(a)(2).
          Accordingly, based on the record before us, we hold that the trial court did not
err in denying appellant’s motion for DNA testing. We overrule appellant’s sole
issue. 
Conclusion
          We affirm the judgment of the trial court. 
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).