Affirmed and Memorandum Opinion filed January 29, 2008








Affirmed and Memorandum Opinion filed January 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00287-CR

____________

 

LEON HARRISON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause No. 635921

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of sexual assault and sentenced to
confinement for two years in the Texas Department of Criminal Justice,
Institutional Division.  In a single issue, Appellant challenges the trial
court=s denial of his
second motion for post-conviction forensic DNA testing.  We affirm.      

I.  Factual and Procedural Background

The complainant, a 15-year-old female, alleged that on
February 9, 1992, she was 








raped
by several men, including Appellant.  Two of the accused men provided written
confessions to the sexual assault; both implicating Appellant as an additional
assailant.  A fourth man was investigated, but released after the complainant
did not identify him in a line-up.  Instead, the complainant identified
Appellant in the line-up.  Appellant signed a written confession and entered a
plea of guilty.  On September 19, 1992, Appellant was convicted of sexual
assault and sentenced to confinement for two years in the Texas Department of
Criminal Justice, Institutional Division.  

Appellant subsequently filed a motion for post-conviction
forensic DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. 
The trial court denied the motion, the denial was affirmed by this court, and
mandate was issued.  Appellant, acting pro se, filed a second motion for
post-conviction forensic DNA testing.  In this motion, Appellant admitted that
the complainant identified him at a line-up procedure as one of the men who Agang raped@ her.  However,
Appellant claimed that he pleaded guilty because his attorney advised him that
he would not win at trial.  Appellant claimed that he helped transport the
complainant to the house where the incident occurred, but that he was in the
living room on the phone during the incident.  Appellant gave a statement
regarding this incident at the police station, but claimed that the police
officer misquoted Appellant=s story when taking his statement. He
further alleged that the officer failed to fix the mistake even after Appellant
brought it to his attention.  Finally, Appellant asserted that the Houston
Police Department is in possession of the following three items, and that he is
entitled to DNA testing on those three items: (1) a vaginal swab, (2) a blood
sample, and (3) a pair of panties.  Appellant argued that a negative test
result showing that his DNA was not present would tend to show his innocence,
especially in light of his recantation of his confession and his allegation
that authorities coerced his confession.  This motion was also denied. 
Appellant timely filed notice of appeal.  We affirm.

 








II.  Issues and Analysis

In three issues, Appellant contends that the trial court
erred by refusing to hold a hearing on his second request for post-conviction
forensic DNA testing.  Appellant specifically asserts that he: (1) established
that the State was in possession of evidence which could have been subjected to
DNA testing, (2) brought new supporting evidence and was denied the right to
represent himself at the hearing, and (3) was denied the opportunity to
challenge an inaccurate statement used against him during the first DNA
hearing. 

A. 
Appellant was not entitled to a hearing.

We first address Appellant=s second and third
issues, in which Appellant claims he was denied a hearing on his motion.  An
appellant is not automatically entitled to a hearing on a motion for DNA
testing.  Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim. App.
2004) (concluding that Chapter 64 does not require the trial court to conduct a
hearing); Rivera v. State, 89 S.W.3d 55, 58-59 (Tex. Crim. App.
2002) (holding that applicants for post conviction DNA forensic testing under
64.03 are not entitled to an evidentiary hearing with live testimony).  Nothing
in article 64.03 requires a hearing concerning whether a defendant is entitled
to DNA testing; however, the Legislature has provided for a hearing under
article 64.04 after a convicted person has obtained DNA testing under article
64.03.  Tex. Code Crim. Proc. Ann. art. 64.03, 64.04 (Vernon 2006); Rivera,
89 S.W.3d at 58-59.  Because Appellant has not already obtained DNA testing
pursuant to article 64.03, the trial court did not err in refusing to conduct a
hearing under article 64.03.  See Rivera, 89 S.W.3d at 59. 

Further, Appellant=s motion does not
satisfy the requirements of Article 64.01(b).  Appellant=s motion was
therefore insufficient to restore jurisdiction to the trial court.  See Tex.
Code Crim. Proc. Ann. art. 64.01(b) (Vernon 2006).  Article 64.01(b) states:








The motion may request forensic DNA
testing only of evidence described by Subsection (a) that was secured in
relation to the offense that is the basis of the challenged conviction and was
in the possession of the state during the trial of the offense, but:

(1) was not previously subjected to DNA testing:

(A) because DNA testing was:

(i) not available; or

(ii) available, but not technologically capable of providing probative
results; or

(B) through no fault of the convicted person, for
reasons that are of a nature such that the interests of justice require DNA
testing; or

(2) although previously subjected to DNA testing,
can be subjected to testing with newer testing techniques that provide a
reasonable likelihood of results that are more accurate and probative than the
results of the previous test.

Id. (emphasis added). 
Appellant=s second motion for post-conviction forensic DNA
testing does not identify how this case satisfies the requirements of article
64.01(b).  Construing Appellant=s pro se pleadings liberally, even if we
were to determine that the trial court had jurisdiction to hear the motion
under article 64.01(b), Appellant was not entitled to a hearing on the motion.

B.  Appellant was not entitled to
DNA testing under Article 64.03.








In addressing Appellant=s first point of
error we conclude that the trial court did not err in denying the motion.  To
obtain post-conviction forensic DNA testing, an Appellant must show that: (1)
evidence still exists and is in a condition such that DNA testing is possible,
(2) the evidence has been subjected to a sufficient chain of custody to
establish that it has not been materially altered, (3) identity is or was an
issue.  Id. art 64.03(a)(1).  Additionally, the convicted person satisfy
a fourth requirement and establish by a preponderance of the evidence that Athe person would
not have been convicted if exculpatory results had been obtained through DNA
testing@ and Athe request for
the proposed DNA testing is not made to unreasonably delay the execution of
sentence or the administration of justice.@ Id. art
64.03(a)(2).

Appellate courts review a trial court=s decision to deny
forensic DNA testing under article 64.03 by using the bifurcated Guzman standard:
almost total deference is afforded to the trial court=s determination of
the fact issues and application of law to facts which turn on credibility or
demeanor, but the court reviews other application of law to fact issues de
novo.  Rivera, 89 S.W.3d at 59 (citing Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  Under this standard, the
following issues are reviewed with deference to the trial court: (1) the
credibility of Appellant=s recantation, (2) the credibility of
Appellant=s claim that authorities coerced his confession, (3)
the credibility of the witness=s letters to Appellant that Appellant
claimed promote his innocence, and (4) whether the DNA evidence identified by
Appellant exists and is in a condition to be tested.  See id. at 60.  AAlthough there may
be subsidiary fact issues that are reviewed deferentially, the ultimate
question of whether a reasonable probability exists that exculpatory DNA tests
would prove innocence is an application-of-law-to-fact question that does not
turn on credibility and demeanor and is therefore reviewed de novo.@  Id.  








Absent express findings, a trial court=s ruling must be
sustained if it is correct on any theory of law applicable to the case.  Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  The trial
court=s ruling in the
present case can be supported on the theory that Appellant did not satisfy the
requirements necessary to obtain post-conviction DNA testing pursuant to
Chapter 64.  The trial court may have found that Appellant failed to satisfy
the fourth requirement by showing by a preponderance of the evidence that he
would not have been convicted if exculpatory results had been obtained through
forensic DNA testing.  See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2). 
The complainant identified Appellant in a line-up, Appellant confessed in 1992,
and two additional assailants confessed in 1992, both implicating Appellant as
an additional assailant.  Even if the trial court concluded that negative DNA
test results supplied an exculpatory inference, it is possible that the trial
court determined that such an inference was outweighed by other evidence in the
case.  Not only did Appellant admit to the sexual assault, his admissions were
also corroborated by the confessions of two additional assailants and
identification by the complainant. 

Further, because there were multiple assailants, a negative
result in the post-conviction DNA test would not conclusively exonerate
Appellant.  Even if negative test results were to supply an exculpatory
inference, such an inference would not conclusively outweigh the other evidence
of Appellant=s guilt.  See Thompson v. State, 95
S.W.3d 469, 472 (Tex. App.CHouston[1st Dist.] 2002, pet. ref=d). 
Alternatively, the absence of DNA evidence could simply mean that no forensic
evidence was left in the complainant by Appellant during the sexual assault.  See
Rivera v. State, 89 S.W.3d 55, 60 n. 20 (Tex. Crim. App. 2002). 
Consequently, we conclude that the trial court did not err in denying Appellant
a post-conviction DNA testing under Chapter 64.  

 III.  Conclusion

Based on the foregoing, the trial court did not err in
denying Appellant a hearing on his motion for post-conviction forensic DNA
testing or in denying the motion.  Therefore, we affirm he trial court=s order.

 

/s/      Frank Price

Senior Justice*

 

Judgment rendered and Memorandum
Opinion filed January 29, 2008.

Panel consists of Justices Yates,
Guzman, and Price.

Do
not publish C Tex. R. App. P. 47.2(b).

 









*  Senior Justice Frank Price sitting by assignment.