ACCEPTED
12-14-00319-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/16/2015 11:09:29 PM
CATHY LUSK
CLERK

Cause No. 12-14-00319-CR

In the Court of Appeals for the
Twelfth Judicial District at Tyler, Texas

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/16/2015 11:09:29 PM
CATHY S. LUSK
Clerk

Demetric Lewis Alfred,
Appellant

v.

State of Texas,
Appellee

FILED

3-16-2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

On Appeal from Cause No. CR-22090-AA in the 159th
Judicial District Court of Angelina County, Texas

**State's Brief**

April Ayers-Perez
Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
aperez@angelinacounty.net

**Oral Argument Not Requested**

## Identity of Parties and Counsel

Demetric Lewis Alfred, Appellant
TDCJ #01065183
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

Stephen C. Taylor
Attorney for Appellant (trial)
P.O. Box 293
Conroe, Texas 77305
SBN: 19723380

John Reeves
Attorney for Appellant (appeal)
1007 Grant Ave
Lufkin, Texas 75901
SBN: 16723000

Art Bauereiss
Attorney for the State (trial)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 01921800

April Ayers-Perez
Attorney for the State (appeal)
Angelina County District Attorney's Office
P.O. Box 908
Lufkin, Texas 75902
SBN: 24090975

# Table of Contents

Identity of Parties and Counsel .................................................................... ii

Table of Contents .................................................................................... iii

Index of Authorities ................................................................................ iv

Statement Regarding Oral Argument ........................................................... v

Issue Presented ....................................................................................... v

Statement of Facts ................................................................................... 1

Summary of the Argument ......................................................................... 1

Argument ............................................................................................... 1

    **Reply Issue #1:** The hammer and jacket do not show, by a preponderance of the evidence, exculpatory results exonerating the appellant ................................................................................................ 1

        Applicable law ................................................................................. 2

        No preponderance of the evidence ...................................................... 2

Prayer ................................................................................................... 5

Certificate of Compliance .......................................................................... 6

Certificate of Service ................................................................................ 6

# Index of Authorities

**Cases** Page

*Dinkins v. State*, 84 S.W. 3d 639 (Tex. Crim. App. 2002) ...................................... 3

*Kutzner v. State* 75 S.W. 3d 427 (Tex. Crim. App. 2002) ...................................... 3

*Smith v. State*, 165 S.W. 3d 361 (Tex. Crim. App. 2005)...................................... 3

*Thompson v. State*, 95 S.W. 3d 469 (Tex. App. – Houston [1st Dist.] 2002)............ 3

**Rules**

Tex. R. App. P. 9.4(i)(1) ................................................................................. 6

Tex. R. App. P. 39.1......................................................................................... vi

**Statutes**

Tex. Code Crim. Proc. Ann. art. 64.01(b) (Vernon Supp. 2012)............................ 2

Tex. Code Crim. Proc. Ann. art. 64.03(a-b) (Vernon Supp. 2012)......................... 2

Tex. Code Crim. Proc. Ann. art. 64.035 (Vernon Supp. 2012) .............................. 5

## Statement Regarding Oral Argument

Pursuant to Tex. R. App. P. 39.1, the State feels oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

## Issue Presented

**Reply Issue #1:** The hammer and jacket do not show, by a preponderance of the evidence, exculpatory results exonerating the appellant.

## Statement of Facts

The appellee, State of Texas, agrees with the statement of facts presented in the appellant's brief and would defer to those.[1]

## Summary of the Argument

The appellant, Demetric Lewis Alfred, has not proven by a preponderance of the evidence that the jacket and hammer requesting to be tested could show exculpatory results exonerating him. The appellant desires testing of the jacket and hammer not because a preponderance of the evidence exists, but because the appellant is hoping that he can create a preponderance of the evidence based on the results of the DNA test. Further, there is an enormous amount of evidence still in the Lufkin Police Department property room, including two other hammers and a multitude of other clothing, and additionally the appellant pled guilty (although this cannot be the sole reason for denying DNA testing it can be considered with other evidence). The appellant has not proven by a prepondernace of the evidence that the hammer and jacket in question show exculatory results that would exonerate the appellant.

## Argument

**Reply Issue #1:** The hammer and jacket do not show, by a preponderance of the evidence, exculpatory results exonerating the appellant.

---

[1] Brief of the Appellant at 3-4.

*Applicable law*

Post-conviction DNA testing is limited to the evidence that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense, but was not previously subjected to DNA test; or, although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.[2]  A convicting court may order forensic DNA testing only if the court finds that the evidence still exists and is in a condition making DNA testing possible, has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing, and the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.[3]

*No preponderance of the evidence*

The only element at issue is whether a preponderance of the evidence (51% or greater) exists that a reasonable probability exists that the convicted person

---

[2] TEX. CODE CRIM. PROC. ANN., art. 64.01(b) (Vernon Supp. 2012).
[3] TEX. CODE CRIM. PROC. ANN., art. 64.03(a-b) (Vernon Supp. 2012).

would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. In *Dinkins v. State* the appellant wanted a pair of jeans tested to show that exculpatory evidence could exist.[4] More specifically, the appellant "wanted testing first, and then, if the results were favorable, he would show that he would not have been prosecuted or convicted if the testing had been done prior to trial."[5] Further, in *Thompson v. State* the appellant was convicted of aggravated assault with a deadly weapon, the deadly weapon being a box cutter.[6] Although the box cutter was deemed to have blood on it by the State, because the box cutter was not the only piece of evidence the State had it was not enough to conclude that there was a preponderance of the evidence that the exculpatory DNA would prove appellant's innocence.[7] "At best, exculpatory DNA tests on the bux cutter would 'merely muddy the waters'."[8]

The appellant, Alfred, wants the jacket and hammer tested because, "the two items [the jacket and hammer] be subjected to testing with newer techniques and believes that he will receive more accurate and probative results than the previous testing."[9] This is analogous to the argument made in *Dinkins*, that was rejected by

---

[4] *Dinkins v. State*, 84 S.W.3d 639, 642-43 (Tex. Crim. App. 2002).
[5] *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005) *citing Dinkins*, 84 S.W.3d at 639.
[6] *Thompson v. State*, 95 S.W.3d 469, 471-72 (Tex. App. – Houston [1st Dist.] 2002).
[7] *Id.* at 472.
[8] *Id. citing Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).
[9] Brief of Appellant at 8.

the Court of Criminal Appeals, because the appellant wanted to test the items first in order to then prove the preponderance of the evidence standard.[10] Likewise, Alfred wants to test the jacket and hammer in order to prove that exculpatory evidence *might* exist and therefore a preponderance of the evidence *might* exist. Appellant also contends that, "if his DNA is not on the hammer or the jacket then the results would be exculpatory…".[11] However, the standard is that the appellant must prove that a preponderance of the evidence exists that a reasonable probability exists that the convicted person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. This standard must be met *prior* to the DNA testing, not as a result of the DNA testing.

In *Thompson* despite there being blood found on the box cutter which was the purported deadly weapon used, the Court of Appeals found that there was other evidence in which the appellant was convicted, thus blood on the box cutter did not satisfy the preponderance of the evidence that a reasonable probability exists that the convicted person would not have been prosecuted or convicted in exculpatory results had been obtained through DNA testing.[12] Likewise, in the present case

---

[10] *Dinkins*, 84 S.W.3d at 643.
[11] Brief of Appellant at 10.
[12] *Thompson*, 95 S.W.3d at 472.

there was an abundance of evidence in addition to the jacket and hammer.[13] There were also two other hammers, in addition to the one appellant is requesting to have tested, still in evidence in the Lufkin Police Department property room.[14] There is certainly more evidence than a jacket and hammer to tie the appellant to the murder that he pled guilty to.

## Prayer

The State of Texas prays that this Court of Appeals affirm the ruling of the trial court denying the motion of the appellant for post-conviction DNA testing of the hammer and jacket pursuant to TEX. CODE. CRIM. PROC. ANN. Art. 64.035.

---

[13] I C.R. at 24-27 (indicating there were up to 54 items in evidence, including tennis shoes, towels, victims clothing, ball cap, and at least two other hammers in addition to the one appellant is requesting to have tested).
[14] I C.R. at 25.

Respectfully Submitted,

*/s/ April Ayers-Perez*

Assistant District Attorney
Angelina County D.A.'s Office
P.O. Box 908
Lufkin, Texas 75902
(936) 632-5090 phone
(936) 637-2818 fax
State Bar No. 24090975
ATTORNEY FOR THE
STATE OF TEXAS

## Certificate of Compliance

I certify that this document contains 2,431 words, counting all parts of the document except those excluded by Tex. R. App. P. 9.4(i)(1). The body text is in 14 point font, and the footnote text is in 12 point font.

*/s/ April Ayers-Perez*

## Certificate of Service

I certify that on March 16, 2015, a true and correct copy of the above document has been forwarded to John Reeves, 1007 Grant Street, Lufkin, TX 75901, by electronic service through efile.txcourts.gov.

*/s/ April Ayers-Perez*