**Aurelio FLORES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–03–00304–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 22, 2004.

Mark Stevens, San Antonio, for appellant.

Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Aurelio Flores ("Flores") was found guilty by a jury of the capital murder of Porfirio DeLeon ("DeLeon") and sentenced to life imprisonment. Flores's conviction was appealed and subsequently affirmed. Flores's motion seeking an order to require post-conviction DNA testing was denied. On appeal, Flores contends that the trial court erred in denying the motion because Flores met the statutory requirements to make testing mandatory. We affirm the trial court's judgment.

### BACKGROUND

On February 8, 1994, Flores was sentenced to life imprisonment for the capital murder of DeLeon. Flores had been indicted and jointly tried with his brother, Robert Flores. During the trial, two knives that were found in a car owned by Richard Ruiz ("Ruiz"), a key witness for the State, were introduced into evidence. The defense relied on the two knives with

small traces of human blood to link Ruiz to the murder of DeLeon, who suffered multiple stab wounds. Although the knives were introduced into evidence during the trial, DNA testing technology at the time could not provide any reliable DNA results due to the small amount of blood that was actually present on the knives.

At the initial hearing on Flores's motion for DNA testing, the trial court enumerated the following issues that were not in dispute: (1) Flores was serving 99 years in the Texas Department of Criminal Justice Institutional Division for capital murder; (2) Flores filed a *pro se* motion for DNA testing with the court on December 17, 2001; (3) Flores's appointed counsel later filed a supplemental motion requesting DNA testing; (4) the State filed two responses identifying the location of the evidence requested; (5) the serology reports at the time of the original trial indicated that DNA tests could not be performed because of the small amount of blood on the knives; (6) the record indicated that the knives were recovered in a vehicle owned by Ruiz; and (7) Ruiz admitted owning the knives.

During the course of the hearing, the trial judge questioned defense counsel as to whether the DNA results could prove Flores's innocence since the evidence indicated that more than one person was involved in the murder. The trial judge questioned whether the DNA results could do anything more than possibly implicate Ruiz, along with Flores, in the commission of the crime. The hearing was recessed to determine whether any DNA from DeLeon existed.

On March 7, 2003, the hearing resumed, and Flores informed the court that no samples of DNA from DeLeon could be located. The court denied the requested testing based on the absence of any biological evidence from DeLeon that could be compared to the DNA results from the blood on the knife.

## STANDARD OF REVIEW

We review a trial court's decision denying a motion for post-conviction DNA testing under the bifurcated standard of review articulated in *Guzman v. State,* 955 S.W.2d 85 (Tex.Crim.App.1997). *Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). We afford almost total deference to a trial court's determination of issues of historical fact and application of law-to-fact issues that turn on credibility and demeanor. *Id.* Application of law-to-fact issues that do not turn on credibility and demeanor are reviewed *de novo,* including the ultimate question of whether the trial court was required to grant a motion for DNA testing under Article 64.01 of the Texas Code of Criminal Procedure. *See id.* Accordingly, because this appeal does not involve any credibility or demeanor determinations made, we review the trial court's legal conclusion *de novo.* The scope of evidence that an appellate court may review on appeal from the denial of a post-conviction motion for DNA testing is not limited to evidence relating to the motion and/or hearing on the motion for DNA testing. *See Jacobs v. State,* 115 S.W.3d 108, 112–113 (Tex.App.-Texarkana 2003, pet. ref'd).

## DISCUSSION

In his sole point of error, Flores claims that the trial court erred in denying his motion for post-conviction DNA testing based on the absence of any DNA evidence of the victim. Flores asserts that the trial court misinterpreted the plain wording of Article 64.03 and erroneously denied his motion based on a requirement not enumerated in the statue.

A court may order post-conviction DNA testing only if three requirements are sat-

isfied: (1) the evidence still exists and is in a condition making DNA testing possible; (2) the evidence has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and (3) identity was or is an issue in the case. Tex.Code Crim. Proc. Ann. art. 64.03(a)(1)(A),(B) (Vernon 2004). Additionally, the convicted person must also establish by a preponderance of the evidence that: (1) he or she would not have been convicted if exculpatory results had been obtained through DNA testing; and (2) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice. Tex.Code Crim. Proc. Ann. art. 64.03(a)(2),(A),(B) (Vernon 2004). A court shall order post-conviction DNA testing only when the convicted person satisfies the burden under Subsection (a)(2) and the court finds the requirements listed in Subsection (a)(1) have been satisfied. Tex. Code Crim. Proc. Ann. art. 64.03(c) (Vernon 2004).

The trial court's order states that the evidence did not exist making forensic DNA testing possible because no known biological evidence of the victim was in existence that could be compared to any potential biological evidence on either of· the two knives. There is no dispute that the two knives with traces of blood found in Ruiz's car still exist and are in a condition making DNA testing possible. The knives have remained in the possession of the State, thereby showing the proper chain of custody. Identity was an issue in the case, since Flores contended that Ruiz was the perpetrator of DeLeon's murder. Finally, there is no evidence that Flores filed the motion to cause unreasonable delay to the execution of his sentence or the administration of justice. Accordingly, Flores appears to have satisfied four of the

five requirements that would compel a trial court to order DNA testing.

In order to be entitled to the testing, however, Flores was still required to prove by a preponderance of evidence that he would not have been convicted if exculpatory results were obtained through DNA testing. To meet this requirement, Flores must show that "a reasonable probability exists that exculpatory DNA tests will prove [his] innocence." *Kutzner v. State,* 75 S.W.3d 427, 438 (Tex.Crim.App.2002).

■ Although the existence of a DNA sample for comparison purposes is not an express requirement of Article 64.03, a trial court is not precluded from considering the absence of a comparison sample when conducting its analysis under Article 64.03(a)(2)(A). The purpose of Flores's motion was to prove that the blood on the knife was that of DeLeon. In this case, without any biological evidence from DeLeon, the testing of the DNA found on the knives would be inconclusive. Most importantly, without any biological evidence from DeLeon, no reasonable probability exists that Flores may prove his innocence through exculpatory results. A trial judge is not required to grant a convicted person's request for DNA testing absent this particular showing. *See Dinkins v. State,* 84 S.W.3d 639, 643 (Tex.Crim.App.2002). A showing under Article 64.03(a)(2)(A) is not made if the DNA results would merely "muddy the waters." *See Rivera v. State,* 89 S.W.3d 55, 59 (Tex.Crim.App.2002).

The trial court's order states, "There is no known biological evidence of the victim in existence to compare the potential biological evidence which may exist on the two knives which movant requests to be tested." As a result, the court concludes, "The evidence does not exist making forensic DNA testing possible." Absent the existence of a comparison sample of DNA from the victim, the trial court did not

abuse it's discretion in denying Flores's motion because Flores failed to satisfy his burden of showing under Article 64.03(a)(2)(A) that exculpatory results could be produced to prove his innocence.

### Conclusion

The trial court's judgment is affirmed.