**Damon Lavelle ASBERRY, Appellant**

v.

**The STATE of Texas**

**NO. PD–1409–15**

Court of Criminal Appeals of Texas.

Delivered: December 7, 2016

Walter M. Reaves Jr., Attorney at Law, Waco, TX, for Appellant.

Sterling Alan Harmon, Assistant District Attorney, Waco, TX, for the State.

## OPINION

Johnson, J., delivered the opinion of the unanimous Court.

Appellant was charged with a murder that occurred in 2003, indicted in 2007, and convicted by a jury in 2008. In preparation for trial, some items of evidence had been subjected to DNA testing. Appellant complained to the court of appeals that the trial court had erred by failing to appoint an expert for an independent examination of the DNA evidence. The Tenth Court of Appeals affirmed his conviction and life sentence in 2009. *Asberry v. State*, 2009 WL 3646083, 2009 Tex. App. LEXIS 8512 (Tex. App.–Waco Nov. 4, 2009) (not designated for publication).

In his petition for discretionary appeal, appellant argued that the court of appeals had improperly required that he file an affidavit from an expert in order for the trial court to approve funds for an independent DNA examination. We affirmed

the court of appeals, saying that while "its opinion mentioned the lack of affidavits, expert or otherwise, it did not hold that an affidavit from an expert was required," only that appellant must provide "some evidence in support of the motion" for appointment of an expert. *Asberry v. State*, 2011 WL 1158587, 2011 Tex. Crim. App. LEXIS 101 (Tex. Crim. App.–Feb. 16, 2011) (not designated for publication).

In 2013, appellant filed a motion, pursuant to Chapter 64, for retesting of DNA evidence. The trial court granted retesting. Four items from a car that appellant was known to drive near the time of the murder were tested using newer techniques. Three samples did not produce DNA profiles. The fourth sample excluded appellant as a contributor. This was somewhat at odds with the results from samples used in the first testing, which could not exclude appellant but did not produce a match. The trial court ruled that, based on the entire record, the new testing would not have changed the outcome of the trial. Appellant appealed.

The court of appeals correctly stated that its review was *de novo* and that "we review the entire record to determine whether Asberry established, by preponderance of the evidence, that he would not have been convicted had the new results of the DNA test been available at trial." *Asberry v. State*, 2015 WL 5915953, 2015 Tex. App. LEXIS 10415 (Tex. App.–Waco Oct. 8, 2015) (not designated for publication). Before ruling on the motion, the trial court had reviewed the entire record, including the testimony from the original trial, but because the earlier testimony was not formally entered into evidence, the court of appeals declined to consider it, citing to its own precedent and holding that "testimony

from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding." *Davis v. State*, 293 S.W.3d 794, 797 (Tex. App.–Waco 2009, no pet.).[1]

This position conflicts with the decisions of other courts of appeals that have addressed the issue and with the purpose of Chapter 64, which permits comparison of the proof offered at trial with the proof currently available and thus necessitates a review of the prior proceedings. In *Jacobs v. State*, the court of appeals noted that the trial court would have had before it the entire file, including the reporter's record and held that the court of appeals should have the same evidence available: "If we are to review de novo those issues of fact that do not turn on witness credibility or demeanor, we must have available the same evidence to which the trial court had access. ... To hold otherwise would thwart our ability to effectively review these types of cases." *Jacobs v. State*, 115 S.W.3d 108, 112-13 (Tex. App.–Texarkana 2003, pet. ref'd). It would also force the parties to reoffer all of the evidence, which would waste judicial resources by turning a hearing on a Chapter 64 motion into a retrial. *See also Flores v. State*, 150 S.W.3d 750, 752 (Tex. App.–San Antonio 2004, no pet.) ("The scope of evidence that an appellate court may review on appeal from the denial of a post-conviction motion for DNA testing is not limited to evidence relating to the motion and/or hearing on the motion for DNA testing.").

Both *Flores* and *Jacobs* involved a hearing on an Article 64.03 request for testing, but we do not see any reason to treat a review of a ruling pursuant to Article 64.04 differently than a ruling pursuant to Arti-

1. We note that, in *Davis*, the issue was litigated pursuant to the forfeiture statute, Chapter 59 of the Code of Criminal Procedure. The legal considerations involved in cases litigated pursuant to Chapter 64 are highly dissimilar.

cle 64.03. *See, e.g., Glover v. State,* 445 S.W.3d 858, 862 (Tex. App.–Houston [1st] 2014, pet. ref'd) ("Analysis" section indicates that appellate court considered trial record in Art. 64.04 hearing); *Cate v. State,* 326 S.W.3d 388, 389 (Tex. App.–Amarillo 2010, pet. ref'd) ("Discussion" section indicates that appellate court considered trial record in Art. 64.04 hearing); *Frank v. State,* 190 S.W.3d 136, 138 (Tex. App.–Houston [1st] 2005, pet. ref'd) ("Articles 64.03 and 64.04 act in concert to establish the procedures of retesting DNA evidence and reviewing the results. . . . In reviewing the trial court's article 64.04 ruling de novo, we review the entire record to determine whether appellant established . . . that he would not have been convicted . . . .").

This Court has also spoken on the issue, acknowledging a policy that allows for broad discretion in the trial court to consider matters within the knowledge of the trial court in both rulings by the trial court and appellate review. *See, e.g., Ex parte Gutierrez,* 337 S.W.3d 883, 893–94 (Tex. Crim. App. 2011) (legislature put no limits on type of relevant, reliable information trial court may consider in a Chapter 64 hearing, even statements that were not admissible at trial); *Smith v. State,* 165 S.W.3d 361, 365 (Tex. Crim. App. 2005) (trial court took judicial notice of trial record in hearing pursuant to Art. 64.03).

### Conclusion

We hold that all of the evidence that was before the trial court before it made its ruling should be available to, and considered by, the reviewing court. We therefore remand this cause to the court of appeals for reconsideration consistent with this opinion.