

IN THE
TENTH COURT OF APPEALS

No. 10-15-00032-CR

DAMON LAVELLE ASBERRY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1625-C2A

ABATEMENT ORDER

This is an appeal of a trial court's ruling under Chapter 64 of the Code of Criminal

Procedure regarding post-conviction DNA testing. The trial court granted Damon

Lavelle Asberry's post-conviction motion for DNA testing. After the additional testing

was completed and the results obtained, Asberry sought a new trial. The trial court

conducted an evidentiary hearing and "ruled that, based on the entire record, the new

testing would not have changed the outcome of the trial." *Asberry v. State*, No. PD-1409-

15, 2016 Tex. Crim. App. LEXIS 1443, *2 (Tex. Crim. App. 2016) (publish). Asberry appealed.

This Court conducted a de novo review of the record made at the hearing, which we acknowledged was somewhat limited, and held that based on that record, Asberry had not proven by a preponderance of the evidence that Asberry would not have been convicted had the new results of the DNA test been available at trial. *Asberry v. State*, No. 10-15-00032-CR, 2015 Tex. App. LEXIS 10415, *3-4 (Tex. App.—Waco 2015) (not designated for publication), *rev'd and rem*, 2016 Tex. Crim. App. LEXIS 1443 (Tex. Crim App. 2016) (publish). We noted that we reviewed the record that was properly before this Court and that the record of the prior trial was not part of that record because it had not been introduced as evidence in the post-conviction DNA results hearing. *Id*. Further, we noted that "the trial court relied on its own independent recollection of the trial…." *Id*. at *2. We then specifically held that we could not consider the record from the original trial because it had not been marked and admitted as an exhibit in this evidentiary hearing. *Id*. at *3

The Court of Criminal Appeals reversed this Court's decision "acknowledging a policy that allows for broad discretion in the trial court to consider matters within the knowledge of the trial court in both rulings by the trial court and appellate review." *Asberry v. State*, No. PD-1409-15, 2016 Tex. Crim. App. LEXIS 1443, *4 (Tex. Crim. App. 2016) (publish). In its discussion, it noted that the "legislature put no limits on [the] type of relevant, reliable information [the] trial court may consider in a Chapter 64 hearing,

even statements that were not admissible at trial." *Id*. at *4-5. The Court of Criminal Appeals concluded:

> We hold that all of the evidence that was before the trial court before it made its ruling should be available to, and considered by, the reviewing court. We therefore remand this cause to the court of appeals for reconsideration consistent with this opinion.

*Id*. at *5.

We have received the mandate from the Court of Criminal Appeals in this proceeding and are now ready to proceed with our review on remand. Normally at this juncture, we would inform the parties that the appeal now stands at the point as if the record has just been filed; and thus the appellant's brief is due in 30 days. *See Robinson v. State*, 790 S.W.2d 334, 335-36 (Tex. Crim. App. 1990). In the normal appellate process, we would also give the parties the opportunity to notify us that they will rely on their prior briefs. But in this proceeding, it is clear that the record is not complete; so the existing briefs cannot cite to the complete record as required by the rules of appellate procedure. TEX. R. APP. P. 38.1(i). Accordingly, because the record is not complete, the existing briefs will need to be replaced by amended briefs once the complete record is filed.

We emphasize that we are conducting a de novo review of the trial court's ruling. *See Hicks v. State*, 151 S.W.3d 672, 675 (Tex. App.—Waco 2004, pet. ref'd). We are not conducting a de novo hearing. There is a difference. New or additional evidence cannot be submitted. Nevertheless, we need a record that contains all the evidence or other appropriate factors considered by the trial court to conduct our review. In its findings of fact and conclusions of law, the trial court noted that "upon taking evidence and hearing

argument of counsel, the personal recollection of the [Trial] Court, and taking judicial notice of the records in all causes, the [Trial] Court makes the following findings and conclusions of law…." We need before us all that the trial court had before it to properly conduct our review.

Accordingly, the parties are ORDERED to create a record that is capable of being reviewed. This is not a new trial. The parties are not allowed to reoffer evidence previously submitted at a hearing or trial or to submit new evidence. Rather, the parties are required to obtain the reporter's and clerk's record of any proceeding the trial court considered, including the original trial, and simply mark it as an exhibit for admission into evidence, thus making it a part of the record in this proceeding.[1] To properly perform our review, it may be necessary for the trial court to communicate to the parties the "records in all causes" of which the trial court took judicial notice so that the parties may reduce them to a transcript and mark and introduce them as an exhibit.

The trial court is ORDERED to cause to be placed upon the record, whether by dictation into the reporter's record or by a written document filed with the trial court clerk, his personal recollections, if any, upon which the Trial Court's decision is based,

---

[1] The record from the original trial was forwarded to the Court of Criminal Appeals when the direct appeal of Asberry's conviction was reviewed on a petition for discretionary review. The Court of Criminal Appeals retained the record. The reporter's record of the original trial consisted of 12 volumes. If the reporter's records of any proceeding exist in electronic form, an exhibit containing the record in electronic form is fully acceptable; but it still needs to be marked and identified as such. In the trial court's finding number 26, he mentions only the reporter' record and does not mention the clerk's record. Nevertheless, on abatement, any part of the record, including the clerk's record, the trial court took judicial notice of should be made part of the record for our review.

other than those that relate to the credibility of the various witnesses as already noted in the trial court's findings.

The trial court is ORDERED to hold a hearing to receive the above described evidence within 35 days of the date of this order. The trial court clerk is ORDERED to file a supplemental clerk's record containing any additional documents designated by the parties for the appellate record and any additional orders, findings, or written recollections of the trial court within 14 days of the date of the hearing. Further, the trial court reporter is ORDERED to file a supplemental reporter's record of the hearing with the additional evidence, if any, within 21 days after the date of the hearing.

This proceeding is abated to the trial court for the preparation of a record as ordered.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Order issued and filed January 18, 2017
Publish

