

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00287-CR

**BENJAMIN ALAN MORRISON,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2010-997-C1

## ABATEMENT ORDER

This is an appeal from the trial court's August 9, 2019 order denying Benjamin Alan Morrison's motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure. The clerk's record and a supplemental clerk's record have been filed in this appeal. No reporter's record has been filed because, according to the official court reporter, no hearing on Morrison's motion was held in which a record was made.

To properly conduct our review of the trial court's ruling, we need before us all of the evidence that the trial court had before it before it made its ruling. *See Asberry v. State,*

507 S.W.3d 227, 228-29 (Tex. 2016). The trial court's findings of fact and conclusions of law state: "The trial court considers affidavits, the record, the State's response under Article 64.02, the Clerk's Record, the Reporter's Record, and other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion."

The clerk's record in this appeal includes an "Affidavit in support of forensic DNA testing," filed by Morrison on July 24, 2019, as well as the "State's Answer to Movant's Ch. 64 Request for Post-Conviction DNA Testing," filed on August 7, 2019. However, because no hearing was held on Morrison's motion, this Court does not have all of the evidence that the trial court had before it when it made its ruling on Morrison's motion.

Accordingly, we abate this cause to the trial court for the parties to create a record that is capable of being reviewed. This is not a new trial. The parties are not allowed to reoffer evidence previously submitted at a hearing or trial or to submit new evidence. Rather, the parties are ORDERED to obtain "the record," "the Clerk's Record," "the Reporter's Record," and "other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion" that the trial court considered and simply mark it as an exhibit for admission into evidence, thus making it a part of the record in this proceeding. To properly perform our review, it may be necessary for the trial court to communicate to the parties what "record," "Clerk's Record," "Reporter's Record," and "other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion" that the trial court considered so that the parties may mark and introduce them as an exhibit.

The trial court is ORDERED to hold a hearing to receive the above described evidence within 35 days of the date of this Order. The trial court clerk is ORDERED to file a supplemental clerk's record containing any additional documents designated by the parties for the appellate record and any additional orders or findings of the trial court within 49 days of the date of this Order. The court reporter is also ORDERED to file a reporter's record of the hearing with the additional evidence, if any, within 49 days of the date of this Order.

The appellant's brief will then be due 30 days after this Court has received both the supplemental clerk's record and reporter's record and has reinstated this appeal.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Appeal abated
Order issued and filed February 19, 2020
RWR

