

# IN THE
# TENTH COURT OF APPEALS

### No. 10-20-00034-CR

**ALLEN LATOI STORY,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**


**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-2499-C1**

## ABATEMENT ORDER

This is an appeal from the trial court's January 6, 2020 order denying Allen Latoi Story's motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure. The clerk's record in this appeal is due by May 5, 2020. There will be no reporter's record at this point because the trial court's findings of fact and conclusions of law state that a hearing on Story's motion for post-conviction DNA testing was not required.

To properly conduct our review of the trial court's ruling, however, we need before us all of the evidence that the trial court had before it when it made its ruling. *See Asberry v. State*, 507 S.W.3d 227, 228-29 (Tex. 2016). And the trial court's findings of fact and conclusions of law state: "The trial court considers affidavits, the record, the State's response, the Clerk's Record, the Reporter's Record, and other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion."

Accordingly, we abate this cause to the trial court for the parties to create a record that is capable of being reviewed. This is not a new trial. The parties are not allowed to reoffer evidence previously submitted at a hearing or trial or to submit new evidence. Rather, the parties are ORDERED to obtain the "affidavits, the record, the State's response, the Clerk's Record, the Reporter's Record, and other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion" that the trial court considered and simply mark it as an exhibit for admission into evidence, thus making it a part of the record in this proceeding. To properly perform our review, it may be necessary for the trial court to communicate to the parties what "affidavits," "record," "State's response," "Clerk's Record," "Reporter's Record," and "other forms of relevant and reliable proof in support of or in contravention of the Defendant's motion" that the trial court considered so that the parties may mark and introduce them as an exhibit.

The trial court is ORDERED to hold a hearing to receive the above described evidence within 35 days of the date of this Order. The trial court clerk is ORDERED to include in the clerk's record that is due by May 5, 2020, any additional documents designated by the parties for the appellate record and any additional orders or findings

of the trial court. The court reporter is also ORDERED to file a reporter's record of the hearing with the additional evidence, if any, by May 5, 2020.

The appellant's brief will then be due 30 days after this Court has received both the clerk's record and reporter's record and has reinstated this appeal.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Appeal abated
Order issued and filed February 26, 2020
RWR

