# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00553-CR

---

**In re Keith Taylor**

---

### FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-11-300144, THE HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Keith Taylor appeals the denial of his motion for DNA testing under Code of Criminal Procedure chapter 64. In two issues, he maintains that the trial court erred in ruling that he was not entitled to DNA testing under the relevant statute and that portions of Chapter 64 are unconstitutional as applied. We affirm.

## BACKGROUND

Taylor pleaded guilty to a 2010 aggravated robbery with a deadly weapon and was sentenced to 45 years. As part of his plea, Taylor admitted that these allegations from his indictment were true: "that [he] . . . , while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten[ed] or place[d] [the employee] in fear of imminent bodily injury or death" and "use[d] or exhibit[ed] a deadly weapon, to-wit: a FIREARM."

The probable-cause affidavit in support of the warrant to arrest Taylor provides the following description of events. While the employee was at work, a masked man came in the store, wearing a red hooded jacket, a white shirt with dark stripes, and blue latex gloves. A white

bandana-type mask covered the lower part of his face. The employee could tell from the man's uncovered skin that he was black, and several times during the robbery, his mask slipped, giving her a good look at his face. He pointed a gun at her and demanded money and lottery tickets. After she showed him where the money was, he "tied her up with zip ties" and put her in a back room. After the robber left, the employee called police. She later identified Taylor from a photo line-up as the robber.

Taylor had been accused of two other robberies that had taken place a few months after this robbery, which may have been what led law enforcement to suspect Taylor of this robbery. According to Taylor, DNA testing of zip ties from those robberies excluded the presence of his DNA, and the recovered zip ties in this case were not DNA tested. About nine years after his conviction on his guilty plea, Taylor moved for Chapter 64 DNA testing of the zip ties.

After the State filed its response in opposition, the trial court denied the motion. The court ruled that Taylor failed "to establish that identity is an issue in this case" and failed "to show that any additional testing would produce exculpatory results that demonstrate that he would not have been convicted if these results had been previously obtained." *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), (2)(A). Taylor now appeals.

**STANDARD OF REVIEW AND APPLICABLE LAW**

When there is no evidentiary hearing and the trial record and affidavit of the appellant are the only sources of information supporting a Chapter 64 motion, our review of a trial court's Chapter 64 rulings is de novo. *See Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). Our review extends to all "the trial court's findings, express or implied, on appellant's Chapter 64 motion." *See Thompson v. State*, 95 S.W.3d 469, 471 (Tex. App.—Houston [1st Dist.]

2

2002, pet. ref'd) (citing Tex. Code Crim. Proc. art. 64.05); *see also id.* at 472, 473 n.2 (affirming denial of motion for testing because though trial court made no express findings, "the record supports an implied finding . . . that no reasonable probability exists that exculpatory DNA testing of the box cutter would prove appellant's innocence").

"A convicted person may submit to the convicting court a motion for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material," and the "motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion." Tex. Code Crim. Proc. art. 64.01(a-1). "Basic requirements" for post-conviction DNA testing "are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." *Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (citing Tex. Code Crim. Proc. art. 64.03(a)(1)(A)(i), (a)(1)(B)). More specifically, the court may grant the motion and order the testing only if

> (1) the court finds that:
>
>   . . . .
>
> (C) identity was or is an issue in the case; and
>
> (2) the convicted person establishes by a preponderance of the evidence that:
>
> > (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing.

Tex. Code Crim. Proc. art. 64.03(a).

In reviewing the trial court's determinations, we are to consider all the evidence before the trial court when it made its determinations. *Asberry v. State*, 507 S.W.3d 227, 229 (Tex.

Crim. App. 2016). That evidence may come from the guilt–innocence phase of the underlying trial. *See Swearingen v. State*, 303 S.W.3d 728, 729–30, 736–38 (Tex. Crim. App. 2010) (noting that trial court's Chapter 64 findings were based in part on "evidence presented at appellant's 2000 trial" and reviewing trial evidence to resolve appellate issues); *Prible v. State*, 245 S.W.3d 466, 470 & n.3 (Tex. Crim. App. 2008) (stating that "[e]vidence of a another person's DNA in addition to Appellant's is not exculpatory evidence in this case due to the additional evidence presented at the trial" and citing as support Court's "opinion on direct appeal for a detailed summary of the evidence presented at trial").

## DISCUSSION

### I. Taylor has not shown that DNA testing of the zip ties would support a chance greater than 50% that he would not have been convicted if the requested testing had been available.

In his first issue, Taylor maintains that the trial court erred by finding that identity was not at issue in his case and that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), (2)(A). Upholding either finding on appeal means that we must affirm the denial of Taylor's motion. *See id.* art. 64.03(a).

For the exculpatory-results requirement, "a convicted person must show a greater than 50% chance that he would not have been convicted if exculpatory results from the requested DNA testing had been available at trial." *Hall v. State*, 569 S.W.3d 646, 655 (Tex. Crim. App. 2019). "'Exculpatory results' means only results excluding the convicted person as the donor of the DNA." *Id.* at 655–56. "In considering the likelihood of conviction, we limit our review to whether exculpatory results would alter the landscape of evidence at trial, and we do not consider post-trial factual developments." *Id.* at 656.

4

Taylor's theories in his Chapter 64 motion are that DNA testing of the zip ties would show either the presence of another person's DNA on the zip ties, making that person the true sole perpetrator of the robbery, or an absence of Taylor's DNA, thus ruling him out as the perpetrator. Under both theories, Taylor's position is that he was not involved in the robbery.

The evidence before the trial court, however, does not show a chance greater than 50% that Taylor would not have been convicted with additional DNA evidence from the zip ties. The trial court had before it not only Taylor's guilty plea for the robbery and the victim's photo identification of Taylor but also Taylor's affidavit testimony in support of his Chapter 64 motion that the robber wore blue latex gloves at all times relevant to the robbery, making it unlikely that the robber would have left any DNA. Despite this, Taylor appears to be arguing that the robber's epithelial cells would be found on the zip ties.

"Touch DNA poses special problems because 'epithelial cells are ubiquitous on handled materials,' because 'there is an uncertain connection between the DNA profile identified from the epithelial cells and the person who deposited them,' and because 'touch DNA analysis cannot determine when an epithelial cell was deposited.'" *Id.* at 658. Because of these problems, there is at least a fair chance that many people's DNA would be found on the zip ties. The robber would likely have acquired the zip ties from some person or store, and epithelial cells from any person along the supply chain could have remained on them even though they have no connection to the robbery.

Finally, the trial court here had previously found that Taylor solicited two fellow inmates and his brother to kill the victim in this case. Taylor does not contest this finding. These kinds of threats against a witness are strong evidence of Taylor's consciousness of guilt for the

5

robbery, which is highly probative evidence.  *See Ransom v. State*, 920 S.W.2d 288, 299 (Tex. Crim. App. 1994); *Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.).

In all, Taylor has not met the burden for DNA testing under Chapter 64, as the strength of the evidence against him for the robbery shows that DNA testing of the zip ties would not support a chance greater than 50% that he would not have been convicted if the requested DNA testing had been available.  *See Hall*, 569 S.W.3d at 656.  We thus overrule his first issue.

## II.     Taylor did not preserve his complaints that Chapter 64 is unconstitutional as applied to him.

In his second issue, Taylor mounts an as-applied constitutional challenge to Chapter 64, advancing two specific complaints.  First, he argues that Chapter 64's requirement that "identity was or is an issue in the case," *see* Tex. Code Crim. Proc. art. 64.03(a)(1)(C), denied him the "[f]undamental fairness" that he says procedural due process and the Eighth Amendment require.  Second, he argues that because he has not waived the statutory evidence-retention and -storage requirements that might apply to the zip ties, *see generally id.* art. 38.43, "any denial of the request for testing could be considered arbitrary and an unconstitutional application of Chapter 64 to Appellant's situation."

Nowhere in the trial court did Taylor raise these complaints.  He has thus failed to preserve them for appellate review.  *See* Tex. R. App. P. 33.1(a)(1); *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

6

**CONCLUSION**

We affirm the denial of Taylor's Chapter 64 motion.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   October 27, 2022

Do Not Publish